IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

|  |  |
|---|---|
| MICHAEL HARRISON, et al., | * |
| Plaintiffs, | * |
| v. | CIVIL NO.: WDQ-07-1179 |
| 7-ELEVEN, INC., et al., | * |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

Michael Harrison, et al. sued 7-Eleven, et al. for negligence, strict liability, private nuisance and trespass. Pending is Harrison's Motion for Remand. For the following reasons, Harrison's motion will be denied.

I.  Background

On March 30, 2007, Harrison sued 7-Eleven, Frall Developers, Inc., and Binaya Shami in the Circuit Court for Carroll County in Carroll County, Maryland. Defendant 7-Eleven received service of its summons and complaint on April 5, 2007 and Frall Developers on May 11, 2007. On May 4, 2007, Defendant 7-Eleven filed a Notice of Removal with the United States District Court for the District of Maryland. Paper No. 1. Frall Developers filed its Consent to Removal on June 1, 2007. Paper No. 14.

1

II.   Analysis

    A.   Motion for Remand

    1.   Standard of Review

To remove an action to federal court, the defendant must file a notice of removal with the federal district court in the district where the action is pending.  28 U.S.C. § 1446(a) (2006).  The notice of removal must be filed within thirty days after the defendant receives a copy of the initial pleading or is served with process, whichever period is shorter.  *Id.* § 1446(b).  If a suit involves multiple defendants that are served on different dates, each defendant has thirty days from its individual date of service to file or join in a valid removal petition.  *Nozick v. Davidson Hotel Co.*, No. CCB-03-2988, 2004 WL 34873, at *1 (D. Md. Jan. 6, 2004); *see also McKinney v. Bd of Trs.*, 955 F.2d 924, 928 (4th Cir. 1992).  If a defendant has not been served, it is not required to be joined in the notice of removal because the state court has not acquired jurisdiction over it.  *Nozick*, 2004 WL 34873, at *2; *see also Clawson v. FedEx Ground Package Sys., Inc.*, 451 F. Supp. 2d 731, 736 (D. Md. 2006).

    2.   Discussion

Harrison argues that 7-Eleven has failed to obtain consent for removal from all the co-defendants, thus the case should be remanded to state court.  Pl.'s Supp. Mem. at 3.  Defendant 7-

2

Eleven counters that Frall Developers timely filed its consent to remove on June 1, 2007, and Shami has not been served; thus, his consent is not required. Def.'s Resp. Mem. at 2. Defendant 7-Eleven asserts that all served defendants have joined the removal; therefore, Harrison's motion for remand should be denied. *Id.* at 3.

A review of the docket reveals that Shami has not been served; thus, he is not required to be joined in the notice of removal. Since Frall Developers timely consented to 7-Eleven's notice of removal, Harrison's motion for remand will be denied.

B.   Service of Process

Plaintiffs have failed to serve the summons and complaint on Binaya Shami, a named defendant, within 120 days after the filing of the complaint. Fed. R. Civ. P. 4(m); Local Rule 103.8.a. Unless the Plaintiffs show good cause within 14 days of the date of this order, the complaint will be dismissed as to Shami without prejudice. *Id.*

III. Conclusion

For the above reasons, Harrison's motion for remand will be denied.

September 26, 2007                          /s/
Date                              William D. Quarles, Jr.
                                  United States District Judge

3